[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11853
Non-Argument Calendar

_____

D. C. Docket No. 04-00025-CV-TWT-1

MADELEINE DELONG,

Plaintiff-Appellant,

versus

BEST BUY COMPANY INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 13, 2006)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Madeleine DeLong appeals the district court's grant of defendant Best Buy's

motion for summary judgment as to her complaint alleging retaliation, raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). DeLong argues that the district court erred in granting Best Buy's motion for summary judgment because the evidence established a causal connection between the protected activity in which she engaged and the adverse employment action taken against her, her termination. She also argues that Best Buy's proffered reasons for terminating her were not legitimate and were merely pretext for retaliating against her after she complained of her supervisor's sexual discrimination.[1]  Upon review of the record and upon consideration of the parties' briefs, we find no reversible error and, accordingly, affirm the judgment of the district court.

I.

We review a district court's grant of summary judgment de novo, viewing the evidence in favor of the non-moving party.  Fisher v. State Mut. Ins. Co., 290 F.3d 1256, 1259-60 (11th Cir. 2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1] DeLong also raised, unsuccessfully, a claim of sex discrimination before the district court, but does not raise this as an issue on appeal. (R1-1 ¶ 25; see Blue Brief at 1). Accordingly, any claim in this respect is deemed waived, Flanigan's Enterprises, Inc. of Georgia v. Fulton County, Georgia, 242 F.3d 976, 987 (11th Cir. 2001), and matters relating to it will only be referred to herein to the extent they are relevant to DeLong's retaliation claim.

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II.

Title VII makes it unlawful for an employer to discriminate against an employee in retaliation for opposing a practice made an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a). "To recover for retaliation, the plaintiff need not prove the underlying claim of discrimination which led to her protest, so long as she had a reasonable good faith belief that the discrimination existed." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 586 (11th Cir. 2000) (citations and internal marks omitted). To establish a prima facie case of retaliation under Title VII, "a plaintiff must show that (1) [she] engaged in . . . statutorily protected expression; (2) [she] suffered an adverse employment action;[2] and (3)

_____

[2] At the time the district court ruled on Best Buy's summary-judgment motion, the law in this Circuit required the plaintiff to demonstrate, as part of her prima facie case, that she suffered an "adverse employment action." That is no longer the appropriate standard in light of the Supreme Court's decision in Burlington Northern and Santa Fe Ry. Co. v. White, ___ U.S. ___, 126 S. Ct. 2405 (2006). Rather than demonstrate an adverse employment action, Title VII plaintiffs must now "show that a reasonable employee would have found the challenged [retaliatory] action materially adverse" such that the action "might well have dissuaded a

3

there is a causal connection between the two events."  Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002) (citations and internal quotation marks omitted).

"To establish a causal connection, a plaintiff must show that the decision-maker[s] [were] aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta, 212 F.3d at 590 (citations and internal marks omitted). To satisfy this showing, a plaintiff must generally establish "that the decision maker was aware of the protected conduct at the time of the adverse employment action." Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000).  Typically, to establish causation, the temporal proximity between the protected activity and the adverse action must be very close.  Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004). Consequently, where there is no other evidence from which a reasonable juror could infer causation, a retaliation claim fails as a matter of law when there is a substantial delay between the protected activity and the adverse action.  Id. at 1220.

Once the plaintiff makes out a prima facie case, "the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons

reasonable worker from" engaging in the statutorily protected activity. Id. at ___, 126 S. Ct. at 2415.  As a result, actionable retaliation need not be "related to employment" and need not "occur at the workplace." Id. at ___, 126 S. Ct. at 2409.  This case does not turn on that element of the prima facie case, thus we need not apply the Burlington Northern standard.

for the adverse employment action." Sullivan v. Nat'l R.R. Passenger Corp., 170

F.3d 1056, 1059 (11th Cir. 1999) (citations and internal quotation marks omitted).

"If the defendant offers legitimate reasons, the presumption of retaliation

disappears," and "[t]he plaintiff must then show that the employer's proffered

reasons for taking the adverse action were actually a pretext for prohibited

retaliatory conduct." Id. The plaintiff must prove by a preponderance of the

evidence that the legitimate reasons offered by the employer for taking the adverse

action were not its true reasons. See Reeves v. Sanderson Plumbing Products, Inc.,

530 U.S. 133, 143, 120 S.Ct. 2097, 2106 (2000).

III.

Prima Facie Case: Causal Connection

DeLong argues on appeal that the evidence she adduced in the district court

establishes a causal connection between Best Buy's knowledge of the statutorily

protected activity in which she engaged (her October 25, 2002 telephone call to

Best Buy's "Open Line" complaining that her supervisor, Dean Wheatman, had

sexually discriminated against her) and the retaliatory action she suffered (her June

26, 2003 termination). We note that the temporal proximity between these two

events—some eight months—is not "very close." See Clark County School

District v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001) (observing

5

that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'").  Nevertheless, pretermitting the question whether DeLong presented any other evidence beyond temporal proximity to show that her termination was causally connected to her "Open Line" complaint, we will assume, for the sake of argument, that DeLong can make out a prima facie case of retaliation.  We need not decide that issue because we conclude that she has failed to produce evidence from which a reasonable juror could find that Best Buy's proffered reason for terminating her employment was pretext for retaliation.

## Pretext

Best Buy argues that it terminated DeLong because she violated company rules twice in less than a year by participating in a scheme with her co-workers to "inboard" merchandise at the location where she worked.[3]  DeLong argues that she had nothing to do with the "inboarding," that she did not instruct her subordinates to engage in the practice, and that Best Buy's belief that she did in fact participate

---

[3] According to DeLong: "Inboarding involves exchanging a defective item that has been returned to a store and, while so doing, manipulating the internal pricing so that (a) the customer receives back both a replacement item and additional accessories and (b) the employee handling the transaction gets credit for 'selling' the additional accessories."

in the scheme was mere pretext for its decision to terminate her in retaliation for calling the "Open Line" to complain of Wheatman's alleged discrimination. As support for her argument, DeLong states that the investigation leading up to her termination was a "sham," and that the other evidence in the record, when taken as a whole, demonstrates she was fired not for violating company rules, but as retaliation for engaging in protected activity.

"A reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.'" Brooks v. County Com'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006)(alteration in original) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993)). To create a genuine issue of material fact on the question of pretext, DeLong must "demonstrate that the proffered reason was not the true reason for the employment decision." Jackson v. Ala. State Tenure Comm., 405 F.3d 1276, 1289 (11th Cir. 2005). She may do that "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. We believe that she has done neither.

While DeLong alleged that the investigation leading to her termination was a sham, and that those who terminated her did not honestly believe she engaged in

7

violations of company rules, the facts DeLong points to in support of this claim fail to establish that Best Buy's decision to terminate her was anything other than a decision based upon its belief that she had violated the company's policies. She has not established that Best Buy's proffered reason for terminating her was not its true reason. DeLong has not shown that Best Buy did not honestly believe, following an investigation into the allegations against her, that she had on two separate occasions engaged in activities that violated the store's policies. Accordingly, she has not created a genuine issue of fact on the question whether Best Buy's proffered reason was a pretext for retaliation. See St. Mary's Honor Ctr., 509 U.S. at 515, 113 S.Ct. at 2752; see also Pollard v. Rea Magnet Wire Co., 824 F.2d 557, 559 (7th Cir. 1987) ("A reason honestly described but poorly founded is not a pretext, as that term is used in the law of discrimination").

Because DeLong has not demonstrated that Best Buy's proffered non-discriminatory reasons for terminating her were pretext for retaliation, the judgment of the district court is

**AFFIRMED.**

8